HON. HENRY McIVER, CHIEF JUSTICE.
HON. YOUNG J. POPE, ASSOCIATE JUSTICE.
HON. EUGENE B. GARY, ASSOCIATE JUSTICE.
HON. IRA B. JONES, ASSOCIATE JUSTICE.

## HUFFMAN v. HUFFMAN.

1. PARTNERSHIP.—FINDINGS by Circuit Judge as to contract of partnership; as to pay checks due plaintiff by partnership; as to amount to be paid by one partner for an interest in the business and amount actually paid thereon; as to agreement between plaintiff and defendants as to amount to be paid him for his interest and claims as partner; and that plaintiff furnished the money to set up the business, affirmed.

2. IBID.—In an action by a creditor of a firm for amount due him by the firm, the amount due by one partner to the firm for his admission thereto is a firm asset, and should not be ordered paid into Court.

3. REFERENCE—MASTER.—Where a case is recommitted to the master he may correct errors in calculation in account stated.

4. PARTNERSHIP—EQUITY—ACCOUNTING.—One member of a firm who sells his interest to the others, may bring an action, after the dissolution of the firm, against the other members as individuals for

1—63

amount due him, and such action is one at law; but where the defendants by answer demand an accounting of plaintiff, alleging that he is due the firm and was book-keeper and manager, and failed to account to firm and to them, and the case is generally referred to the master to determine all issues, they convert the action into one in equity, and a full accounting between the parties is proper.

5. IN THIS ACCOUNTING items of note and interest, and individual account of plaintiff against one defendant, are disallowed.

Before TOWNSEND, J., Richland, February, 1901.    Modified.

Action by C. Pickens Huffman against T. Bachman Huffman, Samuel J. Huffman and Jos. S. Huffman, as partners under firm name of T. B. Huffman & Bros.    From Circuit decree, defendants appeal.

*Messrs. Andrew Crawford* and *Wm. D. Melton,* for appellants, cite: *Is case one at law or in equity:* 57 S. C., 289, 405; 55 S. C., 198; 54 S. C., 408; 58 S. C., 7.    *Master having failed to find interest in first report, and plaintiff not excepting thereto, the question is concluded against him:* 58 S. C., 525; 1 Strob., 272.

*Messrs. John McMaster* and *B. L. Abney,* contra (no citations).

February 25, 1902.    The opinion of the Court was delivered by

MR. JUSTICE POPE.    The firm of Huffman Brothers, composed of the plaintiff, C. Pickens Huffman, T. Bachman Huffman and Samuel J. Huffman, was formed in January, 1893, for the purpose of quarrying and shipping rock for sale in the neighboring cities to be used in the construction of buildings and public works.    In order for the said firm to successfully and profitably carry on the work of this partnership, a stone quarry in Lexington County, near to the railroad track of the Columbia, Newberry and Laurens Railroad, was secured, and also it became necessary to construct

a spur track running from the main track of the said Colum-
bia, Newberry and Laurens Railroad to said quarry, and
also to provide the money to furnish the implements, tools
and machinery necessary to carry on such quarrying busi-
ness, as well as to have the money requisite to pay the
foregoing expenses and to pay for labor, trackage, &c. The
defendants had no available cash to do this; but, fortunately
for them, the plaintiff had the means in a large measure to
do so. To protect this plaintiff in this advance of his
money, it is alleged that it was agreed that this money so
advanced by him should be repaid to him before any division
of the profits would be attempted. In April after January,
1893, it was deemed advisable to admit the defendant, J. S.
Huffman, into the firm of Huffman Brothers, upon the con-
dition that he would contribute the sum of $1,000 to the firm
assets in cash, but he only actually paid the sum of $235.
On account of disagreements amongst the members of the
firm, on the 1st to the 15th days of September, 1893, it was
arranged that the plaintiff, C. Pickens Huffman, was to sell
his interest in the firm of Huffman Brothers to the defend-
ants, his partners, and retire from that firm. The terms
upon which this was done are in dispute, but enough is
gathered from the admissions in the pleadings and the undis-
puted testimony to predicate with safety an opinion that
there was an agreement that the plaintiff should be paid a
considerable sum of money for his interest in the old firm.
After September the 15th, the new firm of T. B. Huffman
& Co. was organized by the defendants. This new firm,
although it had agreed to secure by notes the plaintiff for his
advancements in cash to the old firm of Huffman Brothers,
never discharged that duty to the plaintiff. Hence this
action instituted by the plaintiff against the defendants was
brought in order substantially to collect his estate the defend-
ants had enjoyed and still possessed. The defendants made
answer, setting forth the facts that the plaintiff was manager
of the affairs of the old firm of Huffman Brothers; that he
kept the books of said firm, received all the money therefor

from its sales of quarried rock, and paid out all the money so received, and yet the plaintiff held these books and did not exhibit to his partners any acount of such debits and credits. The defendants demanded an accounting by the plaintiff of all these matters. An order was made referring all the issues of law and fact to John S. Verner, Esq., as master for Richland County. His first report came on to be heard by Judge Ernest Gary, who ordered the report to be recommitted to the master. This order was as follows:

"The above entitled action came on for a hearing before me upon the master's report, the exceptions of the defendants thereto, and the other papers on file therein, at an extra term of the Court of Common Pleas for Richland County, begun to be holden at Columbia, S. C., on the 9th day of January, 1899. The complaint embraces two alleged causes of action. In the first cause of action it is alleged that for some months prior to the 15th day of September, 1893, the plaintiff and defendants constituted a partnership under the firm name of Huffman Brothers, and as such firm were engaged in the quarrying and shipping of rock and stone from a quarry near the city of Columbia; that the plaintiff was the general manager of the business of said partnership; that on or about the said 15th day of September, 1893, the defendants agreed to buy from the plaintiff such interest as he then had in the said partnership, and to pay him therefor 'whatever *sum of money* he had expended in building and constructing a certain railroad to said quarry, and in purchasing the machinery and materials and appliances necessary for the commencement of such business, and the carrying on of the operations thereof during the time aforesaid, and the labor and expense account during the management of plaintiff, exclusive of the then outstanding debts of said concern, over and above such sums of money as plaintiff, as manager, had received from the sale of rock and stone sold by the said partnership during said period, and such other sums of money as had been paid into said partnership on acount of or in behalf of said partnership and as were then outstanding and due.' That in

pursuance of said agreement, plaintiff made out a statement showing said sum to be $2,136.23, presented same to defendants, and that the defendants then and thereupon agreed to pay same to plaintiff in the instalments and at the times set forth in the complaint.

"The second cause of action is based upon certain pay checks alleged to have been issued by the defendants and taken up by the plaintiff, amounting to the sum of $46.20.

"The defendants, by their several answers, deny practically all of the allegations of the complaint, especially the allegations setting forth the agreement to purchase the interest of plaintiff in said partnership upon the alleged account stated, and ask that the plaintiff be required to account for his actings as general manager of said partnership. Pursuant to the order of reference made in said cause, the master held a number of references, at which considerable evidence was adduced and taken. The 'statement' referred to in first cause of action in the complaint, which plaintiff alleged showed a balance of $2,136.23 due him, was not introduced in evidence. The plaintiff, however, introduced in evidence the day book kept by him as general manager of said partnership, from which he claimed to have made said statement, and also filed with the master a statement which he claims is a full statement of all his actings and doings as such general manager. Plaintiff also introduced in evidence a number of vouchers pertaining to the business of said partnership. The entries appearing on the day book and filed statement are very numerous. The master's report is in general terms. Among other things he reports as conclusions of law, 'that the defendants are indebted to the plaintiff in the sum of $1,019.78, for which he is entitled to judgment against them, and that said defendant, Joe S. Huffman, should pay into Court the sum of $765, with interest from April 15th, 1898,' etc. The grounds upon which this conclusion is based are not stated in sufficient detail to enable me intelligently to affirm, modify or reverse it. And the same is to be said of all the other findings embraced in the report.

To arrive at any conclusion upon the issues involved, the master must necessarily have considered the items appearing on the day book, vouchers and filed statement above mentioned, and from these and the other evidence before him, if he finds that the defendants agreed to purchase the interest of the plaintiff of said partnership, he should make and render a detailed statement, showing how he arrives at whatever amount may be found by him to be due, to the end that the Circuit Judge may act intelligently with reference thereto. For these reasons, it is ordered, that the cause be and the same is hereby recommitted to the master for Richland County, to make a detailed report along the line indicated herein, and if he be unable to do so from the evidence now before him, that he do reopen the references and take further testimony with reference to the matters at issue."

The references were not reopened, no further testimony was taken in either side, and no further arguments were made before the master; but the master subsequently filed a supplemental report, accompanied by an account made up from plaintiff's books and the testimony taken by him. The supplemental report is as follows:

"Pursuant to an order of the Hon. Ernest Gary, Judge of the Fifth Circuit, in the above stated action, dated January 31, 1899, I, the undersigned master for Richland County, make the following supplementary report in the said action:

"1. I find from the evidence that on or about the 15th day of September, 1893, the defendant had a settlement of the partnership affairs of Huffman Brothers with the plaintiff, and agreed to give him for his interest therein and in full settlement thereof whatever sum was due him for his expenditures on account of the said partnership, less what moneys he had received on account thereof, which sum I find to be $1,108.86, as follows:

On the first cause of action....................$1,062 57
On second cause of action.....................    46 29
                                              _____
   Total ....................................$1,108 86

"2. I find that this is a correct statement of the amount of indebtedness to plaintiff, from the evidence, vouchers and exhibits. The amount expended by him on account of the partnership, as shown by the statement hereto annexed, is $4,109.28, and the amount received by him on account thereof, $3,046.71. The expenditures in excess of the receipts are $1,062.57. To this add the $46.29, second cause of action, and the total balance due is $1,108.86—which is $88.08 more than the amount which I reported as due plaintiff in my former report. The books of the partnership have been very poorly kept, and I have done all that I can to arrive at a just conclusion from the evidence and the books furnished me. The plaintiff furnished all the money for the partnership enterprise, and under the terms of the partnership was to be reimbursed therefor. He has expended more than he received, as shown by said statement, and I find from the evidence that said partnership of T. B. Huffman & Brothers is indebted to him in the sum of $1,108.86, and that Joe S. Huffman should be required to pay into Court the amount due by him as found in my first report, and that the same be applied to the payment of the amount so due plaintiff and costs, and that the plaintiff have leave to issue execution against defendants for balance."

The account as made up by the master is too long to be reproduced here, but it includes payments made by C. P. Huffman from the 13th February, 1893, up to September 14th, 1893, including T. B. Huffman's account of $51.80, and also the account of S. J. Huffman for $106.65, and also a note paid to Bank of Columbia for $150, aggregating $4,108.28, and to receipts by C. P. Huffman for $3,046.71, leaving as still due to C. Pickens Huffman the sum of $1,062.57, to which should be added the amount of second cause of action, $46.29—both added together makes the sum of $1,108.86. Exceptions were filed on both sides, which came on to be heard by his Honor, Judge Townsend, who filed the following decree:

"The above entitled action came before me for hearing

upon the master's reports, exceptions thereto of plaintiff and defendants, and the oral testimony and papers in the case, at the October term of this Court, in the year 1900. The master has made two reports, and his Honor, Judge Ernest Gary, has made an order in the case, and the nature of the contention of the parties thereto is so well stated in said papers that I will not repeat it here, but will consider the exceptions to the master's reports.

"Defendants' first exception is overruled, for the reason that the settlements referred to in the exception are alleged in the complaint and proved by the preponderance of the testimony.

"Defendants' second, third, fourth, sixth, seventh, ninth, tenth and eleventh exceptions are overruled. I have gone over the entire case carefully and repeatedly, and I am satisfied that the master is correct in his findings in these respects. The accounts were badly kept, and the testimony was voluminous and entailed a vast amount of work upon the master, but I am of the opinion that his findings as to the matters involved in the eight exceptions last above mentioned are correct, and I so find. It is true, that Joe S. Huffman did pay $235 for the benefit of the partnership, but the master gives credit to the defendant for it in adjusting the plaintiff's claim herein.

"Defendants' fifth exception is overruled, for the reason that Judge Gary, in his order of the 31st of January, 1899, referred to this very finding that $1,019.78 was due to the plaintiff, and said that the grounds on which this finding was based was not stated in sufficient detail, and ordered that the case be recommitted to the master, 'to make a detailed report' as to this and other findings, and if necessary to 'reopen the reference and take further testimony with reference to the matters in issue.' This order, recommitting the cause to the master without overruling or sustaining any of the exceptions to the master's report, and giving the master power and authority to take further testimony 'with reference to the matters in issue,' seems to me to leave the entire

matter open for the master to make other new and different findings from those contained in his first report, if he found that such findings were incorrect. And from this order there was no appeal.

"Defendants' eighth exception is sustained only as to paying money into Court and no further. This is a law case, and the matter referred to in this exception cannot be adjudicated herein; besides, plaintiff does not ask for judgment against Joe S. Huffman to compel him to pay the $765 due by him to the firm into Court.

"Plaintiff's exception as to interest on $1,108.86 from the 15th September, 1893, is sustained. The plaintiff is entitled to the said sum of $1,108.86, and legal interest on same from the 15th September, 1893, to this date, and it is so ordered. The master's reports are confirmed in all other respects and made the judgment of this Court, and all exceptions not mentioned above are overruled.

"It is, therefore, ordered, adjudged and decreed, that the plaintiff, C. Pickens Huffman, have judgment against the defendants for $1,676.08 (this amount being the $1.108.86, and interest thereon from the 15th September, 1893), with leave to issue execution therefor, and for the costs of this action against the defendants or any of them."

To this decree the defendants alone excepted and on the following grounds:

"1. For that his Honor erred in refusing to sustain and in overruling the following exception taken by the defendants to the master's first report: 'For that the master erred in his findings as to terms of the agreements of the several partnerships, respectively, subsisting between the plaintiff and defendants herein, and contained in paragraphs 1 and 2 of said report; whereas, he should have found said terms to be those stated in defendants' several answers herein.' Whereas, his Honor should have decided that there was no evidence to support the finding referred to in said exception, that the master was in error as set forth in said exception, and should have sustained the same.

"2. For that his Honor erred in refusing to sustain and in overruling the following exception taken by the defendants to the master's first report: 'For that the master erred in finding that upon the dissolution of Huffman Brothers, and upon a statement by the plaintiff of the amount due him by the partnership, and in settlement of the differences which had arisen between the plaintiff, C. Pickens Huffman, and the other partners of said partnership, the defendants, T. Bachman Huffman, Samuel J. Huffman and Joe S. Huffman, bought out the interest of said plaintiff, C. Pickens Huffman, in said partnership, and agreed to pay him therefor the sum of $1,311.68.' Whereas, his Honor should have decided that there was no evidence to support the finding referred to in said exception, and should have sustained the same.

"3. For that his Honor erred in refusing to sustain and in overruling the following exception taken by the defendants to the master's first report: 'For that the master erred in finding that the defendants are indebted to the plaintiff under the second cause of action stated in the complaint in the sum of $46.29, or in any sum whatsoever.' Whereas, his Honor should have decided that there was no evidence to support the finding referred to in said exception, that the master was in error as set forth in said exception, and should have sustained the same.

"4. For that his Honor erred in refusing to sustain and in overruling the following exception taken by the defendants to the master's first report: 'For that the master erred in finding that the defendant, Joe S. Huffman, is indebted to the firm of Huffman Brothers in the sum of $765 or in any sum whatsoever, or that he agreed to pay to the said firm the sum of $1,000, or that he paid any of the sum of $235, said findings being incorrect in fact and wholly unwarranted by and foreign to the pleadings and evidence herein.' Whereas, his Honor should have decided that there was no evidence to support the findings referred to in said exception, that the master was in error as set forth in said exception, and should have sustained the same.

"5. For that his Honor erred in refusing to sustain and in overruling the following exception taken by the defendants to the master's first report: 'For that the master erred in finding as a conclusion of law that the defendants are indebted to the plaintiff in the sum of $1,019.78, or in any sum whatsoever, for which he is entitled to judgment against them.' Whereas, his Honor should have decided that there was no evidence to support the finding referred to in said exception, that the master was in error as set forth in said exception, and should have sustained the same.

"6. For that his Honor erred in refusing to sustain and in overruling the following exception taken by the defendants to the master's first report: 'For that the master erred in finding and recommending that the defendant, Joe S. Huffman, should pay into the Court the sum of $765, with interest from April 15th, 1893, the date at which he promised to pay the same, and that it be applied towards the payment of the amount due the plaintiff, as found by him.' Whereas, his Honor should have decided that there was no evidence to support the finding referred to in said exception, that the master was in error as set forth in said exception, and should have sustained the same.

"7. For that his Honor erred in refusing to sustain and in overruling the following exception taken by the defendants to the master's supplemental report: 'For that the master erred in finding that on or about the 15th day of September, 1893, the defendants had a settlement of the partnership of Huffman Brothers with the plaintiff, and agreed to give him for his interest therein and in full settlement thereof whatever sum was due him for his expenditures on account of the said partnership, less what moneys he had received on acount thereof; whereas, no such settlement was either alleged or proved, and the master should have found from the evidence that no settlement or agreement whatsoever was reached between the plaintiff and the defendants with respect to the affairs of said partnership.' Whereas, his Honor should have decided that the master was in error

as set forth in said exception, and should have sustained said exception.

"8. For that his Honor erred in refusing to sustain and in overruling the following exception taken by the defendants to the master's supplemental report: 'For that the master erred in finding that the expenditures of the plaintiff on account of said partnership, less what moneys he had received on account thereof, amounted to $1,108.86; whereas, he should have found that said receipts were *in* excess of said expenditures.' Whereas, his Honor should have decided that the master was in error as set forth in said exception, and should have sustained said exception.

"9. For that his Honor erred in refusing to sustain and in overruling the following exception taken by the defendants to the master's supplemental report: 'For that the master erred in finding that the defendants are due the plaintiff on the first cause of action $1,062.57, and on the second cause of action $46.29, amounting together to the sum of $1,108.86.' Whereas, his Honor should have decided that the master was in error as set forth in said exception, and should have sustained said exception.

"10. For that his Honor erred in refusing to sustain and in overruling the following exception taken by the defendants to the master's supplemental report: 'For that the master erred in finding that the amount expended by plaintiff on account of the partnership was $4,109.28, and the amount received by him on account thereof was $3,046.71; in finding that the expenditures were in excess of the receipts $1,062.57; in finding that there was $46.29 due on the second cause of action; and in finding that the total balance is $1,108.86; whereas, these findings are wholly unsupported by the evidence.' Whereas, his Honor should have decided that the master was in error as set forth in said exception, and should have sustained said exception.

"11. For that his Honor erred in refusing to sustain and in overruling the following exception taken by the defendants to the master's supplemental report: 'For that having

in his previous report found that the amount due from the plaintiff to the defendants on both causes of action set forth in the complaint was $1,019.78, and the plaintiff having made no exception to such finding, the master erred in finding by his second report that the amount due on said causes of action was $88.08 in excess of the said sum.' Whereas, his Honor should have decided that the master was in error as set forth in said exception, and should have sustained said exception.

"12. For that his Honor erred in refusing to sustain and in overruling the following exception taken by the defendants to the master's supplemental report: 'For that the master erred in finding that the plaintiff furnished all of the money for the partnership enterprise, and under the terms of the partnership was to be reimbursed therefor; whereas, he should have found that part of the money was furnished by the defendants, and that the plaintiff was not to be reimbursed for any moneys furnished by him otherwise than out of the profits of the partnership.' Whereas, his Honor should have deicded that the master was in error as set forth in said exception, and should have sustained said exception.

"13. For that his Honor erred in refusing to sustain and in overruling the following exception taken by the defendants to the master's supplemental report: 'For that the master erred in finding that the partnership of T. B. Huffman & Brothers is indebted to the plaintiff in the sum of $1,108.86; whereas, he should have found that said partnership is not indebted to the plaintiff in any sum whatsoever, but on the contrary that the plaintiff is indebted to the said partnership, as shown by the evidence.' Whereas, his Honor should have decided that the master was in error as set forth in said exception, and should have sustained said exception.

"14. For that his Honor erred in refusing to sustain and in overruling the following exception taken by the defendants to the master's supplemental report: 'For that the master erred in finding that Joe S. Huffman should be re-

quired to pay into Court the amount due by him as found in the master's first report, and that same should be applied to the amount found to be due plaintiff, and that plaintiff have leave to issue execution against defendants; whereas, any amount the defendant, Joe S. Huffman, may owe the partnership of Huffman Brothers cannot properly be adjudicated in this action; and in any event such sum would not be applicable solely to the plaintiff's demand.' Whereas, his Honor should have decided that the master was in error as set forth in said exception, and should have sustained said exception.

"15. For that his Honor erred in refusing to sustain and in overruling the following exception taken by the defendants to the master's supplemental report: 'For that the master erred in including among the disbursements as shown by the statement of account annexed to the report the following items:

1893.

| | | |
|---|---:|---:|
| February 11. Bill of tools...................... | $44 | 95 |
| February 25. Paid Miller for surveying......... | 15 | 00 |
| March 4. Capt. Burkett ...................... | 20 | 00 |
| March 4. Fuse and iron...................... | 1 | 85 |
| April 7. Wages for hands.................... | 81 | 44 |
| April 15. Paid John Burkett.......:.......... | 10 | 00 |
| April 15. Paid Capt. Burkett.................. | 25 | 00 |
| April 15. Paid Mr. Johnson................... | 5 | 00 |
| April 15. Fuse .............................. | | 60 |
| April 15. Younginer for lumber............... | 20 | 00 |
| Apirl 15. 4,500 shingles .................... | 8 | 50 |
| April 29. Paid Younginer, lumber............. | 10 | 00 |
| April 29. Mr. Johnson ....................... | 5 | 00 |
| May 1. Freight on 42 carloads stone........... | 52 | 50 |
| May 1. Barrel coal $1.25, water bucket .25....... | 1 | 50 |
| May 6. Wages ............................. | 67 | 42 |
| May 6. Capt. Burkett ....................... | 20 | 00 |
| May 12. Mr. Johnson ....................... | 5 | 00 |
| May 12. John Burkett ....................... | 15 | 00 |

| | | |
|---|---|---|
| May 12. Mr. Campbell | 5 | 00 |
| May 12. Bryant, for brick work | 6 | 00 |
| May 12. Phillip Logan | 1 | 50 |
| May 13. Younginer, for lumber | 10 | 00 |
| May 12. Barbecue bill | 14 | 70 |
| May 20. Paid carpenters to date | 36 | 50 |
| May 20. Shingles | 11 | 00 |
| May 20. Brick | 16 | 25 |
| June 17. Paid John Burkett | 15 | 00 |
| June 17. Paid Capt. Burkett | 20 | 00 |
| June 17. Campbells | 26 | 90 |
| June 24. Paid Willis' bill | 11 | 95 |
| June 24. Paid interest on note | 3 | 00 |
| July 1. Campbell | 5 | 00 |
| July 15. Capt. Burkett | 15 | 00 |
| July 15. John Burkett | 10 | 00 |
| July 15. Mr. Campbell | 12 | 00 |
| July 15. Willie Ruff | 7 | 00 |
| 1894. | | |
| September 1. Fowles Lumber Co | 11 | 60 |
| September 1. Interest on note | 8 | 00 |
| 1895. | | |
| January 10. Freight on carload of wood | 4 | 00 |
| Hauling same | 5 | 25 |
| Individual account of T. B. Huffman | 51 | 80 |
| Individual account of S. J. Huffman | 106 | 65 |
| Balance Archie Campbell's wages | 66 | 60 |
| Balance Capt. Burkett's wages | 35 | 00 |
| Balance John Burkett's wages | 7 | 50 |
| Spence's Lumber Co. account | 59 | 30 |
| Younginer, for lumber | 45 | 00 |
| George A. Shields | 90 | 07 |
| Cash on account J. A. Willis | 4 | 75 |
| Cash to V. P. Badham, July 25 | 175 | 00 |
| Cash to J. E. Steadman, June 3 | 27 | 00 |
| Note payable to Bank of Columbia | 150 | 00 |
| Trackage to A. C. L. R. R., Sept. 14 | 102 | 50 |

Whereas, there was no evidence to sustain said items.' Whereas, his Honor should have decided that the master was in error as set forth in said exception, and should have sustained said exception.

"16. For that his Honor erred in refusing to sustain and overruling the following exception taken by the defendants to the master's supplemental report: 'For that the master erred in not including among the receipts shown on his statement of account attached to the report the following: Discount on tickets, $100; amount received from Joe S. Huffman, $32; amount received from Schultz & Co.' Whereas, his Honor should have decided that the master was in error as set forth in said exception, and should have sustained said exception.

"17. For that his Honor erred in refusing to sustain and overruling the following exception taken by the defendants to the master's supplemental report: 'For that the master erred in not finding that neither of the causes of action set forth in the complaint was sustained by the evidence, and in not dismissing the complaint with costs.' Whereas, his Honor should have decided that the master was in error as set forth in said exception, and should have sustained said exception.

"18. For that his Honor erred in not overruling and in sustaining the following exception taken by the plaintiff to the master's supplemental report: 'The plaintiff excepts to the report of the master, filed in above case on the           day of June, 1900, on the following grounds: Because in said report the master, after finding that plaintiff was entitled to judgment against defendants for the sum of $1,108.86, he failed to report to the Court that plaintiff was entitled to interest at the rate of seven per cent. per annum on said amount so found due since the 15th September, 1893, the date of said settlement.' Whereas, his Honor should have overruled plaintiff's said exceptions upon the grounds: (1) That the plaintiffs' demand is not such as would bear interest; and (2) that the master having in his first report failed

and refused to allow interest as claimed in plaintiff's exception, and plaintiff having failed to take exception thereto, his right to interest, if he had such right, was thereby waived and the question adjudged against the allowance of interest as claimed.

"19. For that his Honor erred in holding that the order of Judge Gary recommitting the cause to the master, 'Left the entire matter open for the master to make other, new and different findings from those contained in his first report.' Whereas, he should have held that the purpose of the order of Judge Gary was to have the master make and render a detailed statement showing how he arrived at the amount found by him to be due from the defendants to the plaintiff, so as to enable the trial Judge intelligently to pass upon such findings, with power to reopen the reference and take further testimony, if necessary; and that no exceptions having been taken by the plaintiff to the master's first report and the references not having been reopened, and no further testimony having been taken by the master, the rights of the plaintiff became adjudged by the master's first report, and he was in all respects bound thereby.

"20. For that his Honor erred in holding that this is a law case; whereas, he should have held that this cause, involving the investigation of a long account and an accounting between partners, was properly within the equity jurisdiction of the Court."

1. We cannot agree with the appellants that Judge Gary made a mistake, as is attempted to be pointed out by this exception. It is quite evident that there is testimony in the case to support this finding of the Circuit Judge—indeed, the facts as stated in the testimony of these appellants show that they recognized in a measure this view of the partnership. This exception is overruled.

2. The second exception will be sustained in part, as will hereinafter be made to appear. That there was an agreement between the plaintiffs on the one side and by the three defendants on the other side, for the purchase by the latter

of C. Pickens Huffman's interest in the partnership, there can be no question. As to the amount to be paid to the plaintiff by the three defendants, there can and does admit of question, as we have already announced our purpose hereinafter to show.

3. The third exception, relating as it does to the second cause of action for $46.29, cannot be sustained. The testimony supports this conclusion.

4. The fourth exception cannot be sustained. There can be no question in the light of the testimony that Joseph S. Huffman agreed to pay the sum of $1,000 for his admission into the partnership of Huffman Brothers, and that he only paid of this sum $235, leaving still due $765.

5. The fifth exception can only be sustained in part, as we will hereinafter show this amount of $1,019.78 was too large. That the defendants owe the plaintiff the sum hereinafter fixed, admits of no doubt under the testimony.

6. As to the sixth exception, relating as it does to the recommendation in the master's first report, that Joe S. Huffman be required to pay into Court the sum of $765, with interest from the 15th April, 1893, must be sustained. This debt, which is owed by Joe S. Huffman to the firm of Huffman Brothers as the balance due by him of the price agreed to be paid for his admission to the firm of Huffman Brothers, is an asset of said firm. That after 15th September, 1893, the date when the plaintiff, C. Pickens Huffman, sold to the three defendants his interest in said partnership assets, the plaintiff had no interest in the assets of said firm. Neither the plaintiff nor the defendants demanded that such sum be paid into Court. Hence this is a voluntary act on the part of the master—that is, it was not a duty imposed upon him, but is, as was just said, a voluntary suggestion of his. This exception should be sustained.

7. We cannot agree, in view of the testimony on this point, to sustain this exception. The issues between the parties were clear cut. The testimony establishes the fact. Why would the parties agree to give these

notes to the plaintiff, if the contrary was true? This exception is overruled.

8. The eighth exception is in a measure correct. The plaintiff was not entitled to the whole sum of $1,108.86, as reported by the master, but he was entitled to a part thereof, as we will hereinafter show.

9. The ninth exception is in part well taken, as we will hereinafter show.

10. The tenth exception is partly well taken, as we will hereinafter show.

11. We see no error in the master correcting his report, when the same was recommitted to him. The error was merely one of addition and subtraction. Such an error as this ought always to be allowed to be corrected. The correctness of the master in his finding the amount reported by him to be due to the plaintiff by the defendants is not conceded by us, and we will hereinafter point out its error.

12. We do not find any error in the master's report as to the fact that the plaintiff furnished all the moneys which were used by the firm. The $235 furnished by Mr. Joe S. Huffman is charged against C. Pickens Huffman as well as the amounts he received from the proceeds of sale of the rock shipped from the quarry both by himself as manager of the firm and also the amount received from Dr. Clayton. This being so, there was no practical error committed by the master. Of course, if the other defendants had put money into the business, then this would have been error, but such was not the case. Hence this exception is overruled.

13. The thirteenth exception is partially supported, as we will hereinafter show.

14. We have already held that it was error to require Joe S. Huffman to pay $765 into Court, upon the ground that no such issue was properly triable in this case, but not because Joe S. Huffman was not due this sum to

the firm of Huffman Brothers; he was due that sum. With these announcements, we sustain this exception.

We will now dispose of the 15th, 16th, 17th, 18th, 19th and 20th exceptions in a group. Although at law, while a partnership is subsisting, one partner cannot sue the partnership (*Montgomery* v. *Montgomery*, Rich. Eq. Case, 64), yet after the partnership is dissolved, the joint tenancy having ended, one partner as an individual may sue his former partners as individuals. Under this view, the plaintiff might have sued the defendants; but the form of his action would have depended upon the allegations of his complaint. The complaint here, viewed from its allegations, was on the law side of the Court. But the defendants have converted it into a suit on the equity side of the Court, when they allege in their answer that the plaintiff was the manager of the firm of Huffman Brothers, receiving all the moneys of said firm, expending the same as said manager, keeping all the books of said firm, never having accounted to his partners, &c., and demanding that as such manager he be required to come to a full accounting to them. The order passed by the Court at the instance of all the parties referred all the issues of law and fact to the master for his hearing and report thereon. So from this view the Circuit Judge was in error, as complained of in the 20th exception, when he held that this was an action on the law side of the Court. The other exceptions in this group insist that certain items should not have been allowed to the plaintiff as credits, and that he should have been held responsible as debits with certain other items. Now, when the defendants demanded an accounting by the plaintiff, they put themselves in the position of holding the plaintiff to a rigid accountability for all his receipts and payments as said manager; thereby they, in equity, held this plaintiff liable for all the receipts for the firm of Huffman Brothers, no matter when received. But did they not, in equity, open the door for the plaintiff to show all his disbursements for the firm? This being so, we find that before the master the plaintiff had charged against him-

self hundreds of dollars, which did not appear upon his books, but moneys of the firm he actually received. So, too, on the other side, he was allowed credit on his accounts for several hundred dollars he had paid out as manager of the firm, which did not appear on his books. We think this was correct. But the exceptions go further, and demand that he ought not to be allowed credit for certain items which appear on his accounts as payments made by him as manager. In this matter of the payments claimed to have been made by and allowed by the master, we think the Master and Circuit Judge erred in the following particulars:

1893.
June 24. Paid interest on note................. $3 00
  1894.
Sept. 1. Paid interest on note................. 8 00
  1895.
Jan. 10. Individual account of J. S. Huffman..... 106 65
         Note to Bank of Columbia............. 150 00
         _____
Whole amount of payments improperly allowed..$267 00

We allow the amount allowed as payments made to T. B. Huffman ($51.80), because we think that the agreement of partnership allowed T. B. Huffman a support, and as the plaintiff was the manager for the partnership and paid this sum to T. B. Huffman, it should be allowed. And we allow the other items embraced in the exception except as above stated, because, although not on the books, the proof shows the payments were actually made. These findings require that we make a new statement of fact, which we will hereinafter do.

Again, we think the account should be so amended as to debit the account of the plaintiff with the sums received as the discount on the orders to hands paid at this plaintiff's store. This he agreed to do, and he should be held to his duty to carry out his agreement; but we find that the master

has already charged such items on his account, and we need not go any further in this direction.

We find that the plaintiff has been charged in his account with the $235 paid by Joe S. Huffman as partner. The account of plaintiff will thus stand:

Amount paid out for the firm, as found by master. $4,108 28
Deduct improper payments, as found by us . . . . . .    267 00

          $3,841 28
Deduct from this receipts as found by master. . . . 3,046 71

          $794 57
Add to this on second cause of action . . . . . . . . . . .    46 29

          $840 86
Add interest on this from 15th September, 1893,
     to the 20th February, 1902, at seven per cent.    496 65

Whole amount due to plaintiff . . . . . . . . . . . . $1,337 57

The decree of Judge Townsend must be so modified as found and fixed by the above result, and it is so adjudged.